ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
JEFFREY K. RIFFER, State Bar No. 87016
  *jriffer@elkinskalt.com*
JULIE Z. KIMBALL, State Bar No. 252449
  *jkimball@elkinskalt.com*
2049 Century Park East, Suite 2700
Los Angeles, California  90067-3202
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiff John Doe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, | CASE No. CV13-06436-DDP (ASx) |
|           Plaintiff, | |
| v. | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES** |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., and Does 1 to 10, inclusive, | |
|           Defendant. | [Supplemental Request for Judicial Notice filed concurrently herewith] |
| | Date:  November 18, 2013 |
| | Time:  10:00 a.m. |
| | Ctrm: 3 |
| | Judge: Hon. Dean D. Pregerson |

*(sidebar, left margin)* ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP — 2049 Century Park East, Suite 2700 — Los Angeles, California 90067-3202 — Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

**<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.  INTRODUCTION ............................................................ 1

II.  PLAINTIFF'S COMPLAINT DOES NOT CHALLENGE OR
ALLEGE A VIOLATION OF ANY FINRA OR SEC RULE............... 2

    A.  Requests for Expungement Do Not Challenge Any
FINRA or SEC Rule.................................................... 2

    B.  Plaintiff's Complaint States a State Law Claim for
Expungement; and Does Not Allege a Violation or
Challenge to Any FINRA or SEC Rule ........................ 4

        1.  Plaintiff Does Not Claim that FINRA Violated its
Rules By Listing Disclosure #1 on BrokerCheck ........... 5

        2.  Plaintiff Does Not Challenge FINRA's Record-
Keeping and Reporting Obligations ............................. 7

        3.  Plaintiff Does Not Allege Any Other Violations of
FINRA Rules......................................................... 9

III.  FINRA's Removal Was Improper........................................ 10

    A.  There is No Exclusive Federal Court Jurisdiction Under
the Exchange Act ................................................... 12

        1.  Two Federal Courts Have Held There is Not
Exclusive Jurisdiction Under the Exchange Act
Over Expungement Claims Under Analogous
Facts .................................................................. 12

        2.  The Cases Cited By Plaintiff and FINRA
Demonstrate There is No Exclusive Federal
Jurisdiction Over theExchange Act............................ 15

    B.  There is No "Arising Under" Federal Jurisdiction
Because There is No "Substantial Question" of Federal
Law ................................................................... 19

IV.  Plaintiff Should Be Awarded Attorneys' Fees and Costs ................. 24

V.  CONCLUSION .............................................................. 25

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bridge v. E\*TRADE Sec. LLC,*
    C-11-2521 EMC, 2012 WL 3249508 (N.D. Cal. Aug. 7, 2012) ......... 3, 7

*Caterpillar Inc. v. Williams,*
    482 U.S. 386, 107 S.Ct. 2425, 125 L.R.R.M. (BNA) 2521, 96 L.Ed.2d
    318 (1987)...................................................................... 10

*Chaisson v. Financial Industry Regulatory Authority,*
    USDC, For the Eastern District of Louisiana, Case No.  2:13-cv-06019-
    NJB-KWR ................................................................ 2, 20, 25

*Dennis v. Hart,*
    724 F.3d 1249 (9th Cir. 2013) ............................... 2, 11, 12, 25

*Dobbins v. NASD,*
    2007 WL 2407081 (N.D. Ohio Aug. 22, 2007)...................... 16, 17, 18

*Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for*
    *Southern Cal.,*
    463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ...................... 11

*Gaus v. Miles, Inc.,*
    980 F.2d 564 (9th Cir. 1992) .............................................. 10

*Gully v. First Nat. Bank in Meridian,*
    299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) .................................. 11

*Gunn v. Minton,*
    - U.S. -,133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013).......................*passim*

*Hawkins v. NASD,*
    149 F.3d 330 (5th Cir. 1998) .............................................. 16

*Hibbard Brown & Co., Inc. v. NASD,*
    1994 WL 827778 (D. Del. Oct. 6, 1994)................................. 17

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY FEES

*Kacludis v. GTE Sprint Communications Corp.*,
   806 F.Supp. 866 (N.D. Cal. 1992) ........................................................ 19

*Libhart v. Santa Monica Dairy Co.*,
   592 F.2d 1062 (9th Cir. 1979) ............................................................ 10

*Lickiss v. FINRA*,
   208 Cal.App.4th 1125, 146 Cal.Rptr.3d 173 (2012) ...................*passim*

*Lickiss v. FINRA*,
   C-11-1986 EMC, 2011 WL 2471022 (N.D. Cal. June 22, 2011)..*passim*

*Lippitt v. Raymond James Fin. Servs., Inc.*,
   340 F.3d 1033 (9th Cir. 2003) ...................................................... 11, 18

*Louisville & Nashville R. Co. v. Mottley*,
   211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908) .................................. 11

*Lowe v. NASD Regulation, Inc.*,
   1999 WL 1680653 (D.D.C. Dec. 14, 1999) ........................................ 17

*Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   2013 WL 11648383 (D.N.J. Mar. 18, 2013) ........................................ 17

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132, 126 S.Ct. 704 (2005) .................................................... 24

*Matsushita Elec. Indus. Co., Ltd. v. Epstein*,
   516 U.S. 367, 116 S. Ct. 873, 134 L. Ed. 2d 6 (1996) .............. 1, 11, 25

*Metropolitan Life Ins. Co. v. Taylor*,
   481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ........................... 11

*Mitchell v. Mirant California, LLC*,
   C 07-05847 PJH, 2008 WL 501392 (N.D. Cal. Feb. 21, 2008) ........... 10

*Morales v. Ralphs Grocery Co.*,
   1:12-CV-00742-AWI, 2012 WL 6087699 (E.D. Cal. Dec. 6, 2012) ..... 14

*Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc.*,
   726 F.3d 8 (1st Cir. 2013) ................................................................. 22

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

iii

*Patel v. Del Taco, Inc.*,
   446 F.3d 996 (9th Cir. 2006) ............................................................ 24

*Rains v. Criterion Sys., Inc.*,
   80 F.3d 339 (9th Cir. 1996) ...................................................... 12, 23

*Reinking v. FINRA*,
   No. A–11–CA–813-SS, at 12 ............................................................ 7

*Reinking v. FINRA*,
   No. A–11–CA–813–SS at p.6 (W.D. Tex. Dec. 1, 2011)....................... 3

*Sacks v. Dietrich*,
   663 F.3d 1065 (9th Cir. 2011) ...................................................... 16

*Spalding v. FINRA*,
   1:12-CV-1181-RWS, 2013 WL 1129396 (N.D. Ga. Mar. 19, 2013)
   ............................................................................................*passim*

*Sparta Surgical Corp. v. NASD*,
   159 F.3d 1209 (9th Cir. 1998) ...................................................... 16

*Whitehall Wellington Investments, Inc. v. NASD*,
   2000 WL 1846129 (S.D. Fla. Dec. 7, 2000) ................................. 17

**Statutes**

15 U.S.C. § 78aa(a) ........................................................................ 12

15 U.S.C. §78o-3(i) ........................................................................... 3

15 U.S.C. § 78o3(i)(1)(A) ................................................................. 8

28 U.S.C. § 1331 ............................................................................ 10

28 U.S.C. § 1441(c) ........................................................................ 24

28 U.S.C. § 1447(c) ........................................................................ 24

Employee Retirement Income Security Act of 1974 § 502 ............... 11

Labor Management Relations Act § 301 .......................................... 11

National Bank Act............................................................................ 11

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY FEES

U.S. Securities Exchange Act ..........................................................*passim*

**Other Authorities**

17 C.F.R. § 242.204 ................................................................... 17

Barlyn, "Wall Street watchdog to review tactic for cleaning broker
    records" *Reuters* (Aug. 2, 2013)
    http://uk.reuters.com/article/2013/08/02/finra-expungement-
    idUKL1N0G30I020130802.................................................... 7

Cal. Rules of Prof. Conduct Rule 5-200 .......................................19

FINRA Rule 2080 ................................................... 1, 3, 8, 16, 24

FINRA Rule 2080(a) ............................................. 2, 15, 20, 23

FINRA Rule 8312 ........................................................... 5, 8, 9

FINRA Rule 12805 ................................................................ 8

NASD Rules 2130.................................................... 8, 16, 18

NASD Rules 3070 ............................................................... 18

NASD Rule 10201 ............................................................... 18

NASD Rule 10205(g) .......................................................... 17

NASD Rule 10332(g) .......................................................... 17

Ohio Constitution................................................................ 18

Susan Antilla, "Black Marks Routinely Expunged From Brokers'
    Records, Report Finds" *New York Times* (Oct. 16, 2013)
    http://mobile.nytimes.com/blogs/dealbook/2013/10/16/black-marks-
    routinely-expunged-from-brokers-records-report-finds/?_r=0............ 7

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY FEES

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

I.      <u>INTRODUCTION</u>

FINRA Rule 2080 provides that a financial advisor <u>must</u> bring a claim for expungement in a court of "competent jurisdiction."  (FINRA did not cite this Rule in its Notice of Removal.)

That Rule does <u>not</u> state that such a claim must be brought in federal court.  It is indisputable that state courts are courts of competent jurisdiction.

The California Court of Appeal held in 2012 that there is a California state law claim for expungement of FINRA records.  *See Lickiss v. FINRA*, 208 Cal.App.4th 1125, 1135, 146 Cal.Rptr.3d 173, 180 (2012).  (FINRA did not cite this case in its Notice.)

Plaintiff brought a state law claim for expungement in state court.  FINRA's removal was improper.

Two federal courts, in 2013 and 2011, have held that FINRA's removal of state court expungement cases was improper.  *See Spalding v. FINRA*, 1:12-CV-1181-RWS, 2013 WL 1129396, *6 (N.D. Ga. Mar. 19, 2013); *Lickiss v. FINRA*, C-11-1986 EMC, 2011 WL 2471022, *4 (N.D. Cal. June 22, 2011).  (FINRA cited neither case in its Notice.)

FINRA argues removal was proper because there is "arising under" federal court jurisdiction for two reasons.  FINRA is wrong.

FINRA argues that there is jurisdiction under Section 27 of the Securities Exchange Act.  It is wrong.  Plaintiff is suing for state law expungement (and declaratory relief), not for a securities law violation.

The United States Supreme Court has held that there is <u>not</u> exclusive federal question jurisdiction under the 1934 Exchange Act for all claims relating to securities.  *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 383, 116 S. Ct. 873, 882, 134 L. Ed. 2d 6 (1996) ("Congress plainly contemplated the possibility of dual litigation in state

316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  and federal courts relating to securities transactions.").  The Ninth Circuit

2  has repeatedly -- and as recently as a few months ago -- reached the same

3  conclusion.  *See Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013).

4  (FINRA did not cite the Supreme Court's *Matsushita* opinion or the Ninth

5  Circuit's 2013 *Dennis* case in its Notice.)

6      FINRA also argues that a state law expungement claim raises a

7  "substantial" question of federal law.  FINRA is wrong.  The Supreme

8  Court in *Gunn v. Minton*, - U.S. -,133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72

9  (2013) adopted a four factor test for determining whether a state law

10 claim raises such a question and none of those factors favors FINRA.

11 (FINRA did not cite *Gunn* in its Notice.)

12     FINRA continues to cite incorrect law to the federal courts.  <u>After

13 the motion to remand in this case was filed</u> – which cited the applicable

14 Supreme Court cases as well as the FINRA Rule – FINRA filed another

15 Notice of Removal in another federal court that <u>still</u> omitted all of the

16 applicable Supreme Court cases and the FINRA Rule.  *See Chaisson v.

17 FINRA*, CV-13-06019, Notice of Removal, ¶ 18, attached to Supplemental

18 Request for Judicial Notice in Support of Plaintiff's Reply Brief at No. 1.

19     ****

20 This case should be remanded to state court.

21

22 II.  <u>PLAINTIFF'S COMPLAINT DOES NOT CHALLENGE OR
    ALLEGE A VIOLATION OF ANY FINRA OR SEC RULE</u>

23
    A.  <u>Requests for Expungement Do Not Challenge Any FINRA or
24      SEC Rule</u>

25     FINRA "Rule 2080(a) essentially recognizes the *right* of members

26 and associated persons to seek expungement of information from the

27 [FINRA] system by obtaining an order from a court of competent

28 jurisdiction …." *Lickiss v. FINRA*, 208 Cal.App.4th 1125, 1135, 146

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Cal.Rptr.3d 173, 180 (2012) (emphasis in original).

However, FINRA Rule 2080 does <u>not</u> provide any substantive legal standard to ascertain whether expungement of an individual's record from the FINRA database is appropriate.[1] *See id.* (FINRA Rule 2080 "provides no substantive criteria for delivering the remedy of expungement"); *see also Bridge v. E*TRADE Sec. LLC*, C-11-2521 EMC, 2012 WL 3249508, *3 (N.D. Cal. Aug. 7, 2012); *In re Lickiss and FINRA*, No. C–11–1986 EMC, 2011 WL 2471022, *1 (N.D. Cal. Jun. 22, 2011); *Reinking v. FINRA*, No. A–11–CA–813–SS at p.6 (W.D. Tex. Dec. 1, 2011), a copy of which is attached to the exhibits to Request for Judicial Notice in support of Motion to Remand (Dkt. No. 13-3) as Exhibit No. 3.

While FINRA does have a duty to "collect and retain" certain disclosures on CRD records (*see* 15 U.S.C. §78o-3(i)), two federal courts have recently held that requests for expungement do not challenge any FINRA or SEC rule because "no 'duty to expunge' has been created by the 1934 Act or the rules thereunder." *Spalding v. FINRA*, 1:12-CV-1181-RWS, 2013 WL 1129396, *3 (N.D. Ga. Mar. 19, 2013) (*citing In re*

---

[1] As such, FINRA's suggestion that FINRA Rule 2080 "provides guidance as to the standards that FINRA itself applies (with SEC approval) to requests to expunge registration information" (*see* FINRA's Opposition to Plaintiff's Motion to Remand ("Opp.") at 12:5-7) is wrong.

FINRA is also wrong that "FINRA therefore does not agree to expunge customer complaint information except under the limited circumstances in FINRA Rule 2080 and then only pursuant to court order." *See* Opp. at 11:18-20.

FINRA Rule 2080 is a procedural rule that "provides no substantive criteria for delivering the remedy of expungement." *Lickiss v. FINRA*, 208 Cal.App.4th at 1135.

316882v1

3

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1 *Lickiss*, 2011 WL 2471022 at *3).

2     B.   <u>Plaintiff's Complaint States a State Law Claim for</u>
<u>Expungement; and Does Not Allege a Violation of, or</u>
3     <u>Challenge to, Any FINRA or SEC Rule</u>

4     Plaintiff's Complaint alleges a state law claim for exungement

5 (along with a related claim for declaratory relief). *See* Complaint ¶¶ 101-

6 132 & Prayer for Relief. Plaintiff asserts that the seven disclosures on

7 Plaintiff's CRD should be expunged because they are baseless and have

8 no regulatory value. *Id.* at ¶¶ 96-100, 110-132. Furthermore, one

9 disclosure serves no regulatory value for the additional reason that it

10 should not have been reported in the first place by Merrill Lynch. *Id.* at

11 ¶¶ 101-109.

12     As discussed in Section II.A. above, there is no duty to expunge

13 created by the Exchange Act or FINRA Rules, and thus a request to

14 expunge does not challenge any FINRA or SEC rule.[2] Plaintiff does not

15 argue that the disclosures should be expunged because FINRA violated

16 any rule. Plaintiff does not seek to challenge any FINRA rule.

17 ──────────────────────

18 [2] Furthermore, the paragraphs of Plaintiff's Complaint that FINRA cites
in support of its claim that Plaintiff is challenging a SEC or FINRA rule
19 (*see* Opp. at 13:2-3) demonstrate no such thing. Paragraphs 99 and 100
explain how baseless complaints on the CRD system have no regulatory
20 value. Paragraph 34 is background information regarding Disclosure #1
on Plaintiff's CRD, explaining that this disclosure should not have been
21 reported by the reporting entity in the first place (and that FINRA has
refused to remove it). Likewise, paragraphs 104, 107, 109, and 113
22 explain why the first disclosure on BrokerCheck serves no regulatory
23 value, namely because it (1) should not have been reported by the
reporting entity in the first place, and (2) is baseless.
24

25 None of these paragraphs (nor any other paragraph in the Complaint)
26 challenge any SEC or FINRA rule, ask the Court to state that FINRA
27 violated any rules, or ask the Court to sanction FINRA.

28 316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY FEES

Accordingly, FINRA's assertion that, by seeking expungement, Plaintiff's Complaint "expressly claims that FINRA violates its own SEC-approved rules, and expressly challenges the propriety of SEC-approved FINRA rules" (FINRA's Opposition to Plaintiff's Motion to Remand ("Opp.") at 12:12-14) is wrong.

1. <u>Plaintiff Does Not Claim that FINRA Violated its Rules By Listing Disclosure #1 on BrokerCheck</u>

Plaintiff alleges that Disclosure #1 on his CRD was not a reportable sales practice, and that it was reported in error <u>by Merrill Lynch</u>. *See* Complaint ¶¶ 34, 104, 109.

Because Disclosure #1 should not have been reported in the first place (and is baseless), it serves no regulatory value and should be expunged. Accordingly, Plaintiff seeks expungement and a declaration that the disclosure was reported in error <u>by the reporting entity</u>. *See id.* at ¶¶ 104, 109 ("There is no public need to have disclosures made under an erroneous interpretation of FINRA's rules **by the reporting entity** maintained on Plaintiff's BrokerCheck Report.") (emphasis added).

The Complaint does not allege that FINRA violated Rule 8312 (or any other FINRA rule) by listing the disclosure and refusing to remove it. The fact that Plaintiff quotes FINRA Rule 8312 in the "background" section of his Complaint means nothing. *See* Opp. at 13:26-14:2. Rule 8312 "requires FINRA to maintain and disclose information" (*see* Opp. at 14:24-25), it has nothing to do with expungement. *Spalding*, 2013 WL 1129396 at *3 ("no 'duty to expunge' has been created by the 1934 Act or the rules thereunder"); *In re Lickiss*, 2011 WL 2471022 at *4 ("The Court thus finds no 'duty' to expunge 'created by [the Exchange Act] or the rules and regulations thereunder.'").

In *Spalding v. FINRA*, the plaintiff argued that certain disclosures

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  should not have been disclosed on his Form U4: "[b]ecause [the reporting

2  entity] had no basis for including the [disclosures] on Mr. Spalding's Form

3  U4." *Spalding* Complaint ¶ 37, attached to Supp. Req. for Jud. Notice at

4  No. 2.  Like the Complaint here, Mr. Spalding's complaint further stated

5  that he had twice asked FINRA to remove the references for this reason,

6  and FINRA refused.  *Id.* at ¶¶ 38-42, 57-59.

7      As such, Mr. Spalding's Complaint requested a declaration that the

8  reporting entity "should not have disclosed the [arbitrations] because it

9  did not make a good faith determination after reasonable investigation

10  that the alleged sales practice violations involved Mr. Spalding."  *Id.* at ¶

11  66.  "Mr. Spalding is entitled to a judgment declaring that the

12  [arbitrations] should not be included in his profile on the CRD and

13  BrokerCheck and requiring FINRA to expunge the same."  *Id.* at ¶ 71.

14  Mr. Spalding also asked for "temporary and permanent injunctive relief

15  barring FINRA from referencing the [arbitrations] on Mr. Spalding's CRD

16  and BrokerCheck profiles."  *Id.* at ¶ 76.

17      The *Spalding* court held that such allegations did not challenge or

18  allege a violation of any SEC or FINRA rule:

19      "In seeking a declaratory judgment for expungement of

20      certain information from his CRD profile, Plaintiff is not

21      seeking to enforce any duty of FINRA under Rule 2080. Nor is

22      Plaintiff seeking to enforce FINRA's duty to collect and retain

23      registration information under 15 U.S.C. § § 78o3(i)(1)(A).

24      Therefore, a finding of federal jurisdiction cannot be

25      supported on these grounds."

26  *Spalding*, 2013 WL 1129396 at *5.

27

28

2.   <u>Plaintiff Does Not Challenge FINRA's Record-Keeping and Reporting Obligations</u>

Several courts have held that expungement is proper where there is no "regulatory value" in maintaining the disclosures.  *See Bridge v. E\*TRADE Sec. LLC*, C-11-2521 EMC, 2012 WL 3249508 at \*3-4 ("Indeed, maintaining records of false allegations against non-culpable individuals would dilute the value of the CRD as a useful source of information.") (*citing* SEC Release No. 34–48933, 68 Fed.Reg. at 73672 ("The Commission ... agrees that expungement of inaccurate information from the CRD system is crucial to the system's value.")); *see also Reinking v. FINRA*, No. A–11–CA–813-SS, at 12 ("No regulatory purpose is served by maintaining information about a wholly frivolous claim on the CRD."), attached to the exhibits to Request for Judicial Notice in support of Motion to Remand (Dkt. No. 13-3) as Exhibit No. 3.

In fact, FINRA previously stated that meaningless disclosures about a financial advisor <u>should</u> be expunged:  "FINRA recognizes that expungement of a CRD record under any circumstances is an extraordinary remedy[3] and should be used only when the expunged

_____

[3] Maybe the remedy is "extraordinary" in theory, but it is common in fact. *See* Barlyn, "Wall Street watchdog to review tactic for cleaning broker records" *Reuters* (Aug. 2, 2013) ("Looking at the first six months of this year, [Seth Lipner] identified 205 expungement cases that followed deals to settle investors' arbitration cases against brokerages.  Arbitrators recommended expungements in 192 of those cases, a 93.6 percent rate."), available at http://uk.reuters.com/article/2013/08/02/finra-expungement-idUKL1N0G30I020130802; *see also* Susan Antilla, "Black Marks Routinely Expunged From Brokers' Records, Report Finds" *New York Times* (Oct. 16, 2013) (same), available at: http://mobile.nytimes.com/blogs/dealbook/2013/10/16/black-marks-routinely-expunged-from-brokers-records-report-finds/?_r=0.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

7

1   information has no meaningful regulatory or investor protection value."

2   FINRA, *FINRA Rule 2080 (Formerly NASD Rule 2130) Frequently Asked*

3   *Questions No. 18*, available at

4   http://www.finra.org/Industry/Compliance/Registration/CRD/FilingGuida

5   nce/p005224, a copy of which is attached to the exhibits to Request for

6   Judicial Notice in support of Motion to Remand (Dkt. No. 13-3) as

7   Exhibit No. 4.  *See also* additional statements by NASD, FINRA's

8   predecessor, cited in Plf's Mem. in Support of Mot. to Remand (Dkt. No.

9   13-1) at 14-15.

10          As discussed above, there is no duty to expunge created by the

11   Exchange Act or FINRA Rules.  Accordingly, Plaintiff asks the Court to

12   expunge the disclosures based on the standard set forth by the courts

13   and endorsed by FINRA itself.

14          FINRA's argument that seeking expungement "challenge[s] the

15   validity of FINRA Rule 8312 (requiring disclosure of customer dispute

16   arbitrations even if the associated person was not named as a

17   respondent), and FINRA Rule 12805 (providing a procedure for

18   expungement when an associated person is named as a respondent in

19   arbitration)" (*see* Opp. at 16: 1-4) has been rejected by the federal courts.

20   *See Spalding*, 2013 WL 1129396 at *5 ("In seeking a declaratory

21   judgment for expungement of certain information from his CRD profile,

22   Plaintiff is not seeking to enforce any duty of FINRA under Rule 2080.

23   Nor is Plaintiff seeking to enforce FINRA's duty to collect and retain

24   registration information under 15 U.S.C. § § 78o3(i)(1)(A)."); *In re Lickiss*,

25   2011 WL 2471022 at *4 ("The Court thus finds no 'duty' to expunge

26   'created by [the Exchange Act] or the rules and regulations thereunder.'").

27          Indeed, the paragraphs of Plaintiff's Complaint cited by FINRA to

28   support its assertion that Plaintiff is challenging FINRA's record-

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

keeping requirements in general actually show the opposite; Plaintiff is seeking expungement <u>in this case</u> because the disclosures <u>in this case</u> are baseless and/or were reported in error by Merrill Lynch.  *See* Complaint ¶ 109 ("There is no public need to have disclosures made under an erroneous interpretation of FINRA's rules **by the reporting entity** maintained on Plaintiff's BrokerCheck Report.") (emphasis added); ¶ 117 ("the equities weigh heavily in favor of expunging this disclosure, and it is within this Court's equitable power to expunge the complaint from Plaintiff's record."); *see also* ¶¶ 121, 125, 129, & 132 (same).

Furthermore, the portion of Plaintiff's Complaint arguing that there is no value to the public interest in maintaining baseless complaints on the CRD merely sets forth the standard adopted by the courts and FINRA itself for expunging disclosures.  It does not, as FINRA argues, "second-guess the decision making that Congress entrusted to the SEC in the interest of investors and regulators."  *See* Opp. at 14:16-18

Similarly, paragraphs 93 and 95 of Plaintiff's Complaint do not challenge any FINRA rule (*see* Opp. at 15: 22-28), but instead point out that there is no FINRA rule or procedure for Plaintiff to seek expungement (aside from filing a complaint for expungement in a "court of competent jurisdiction").

3.    <u>Plaintiff Does Not Allege Any Other Violations of<br>FINRA Rules</u>

FINRA asserts that "Mr. Doe also claims that FINRA violates FINRA Rule 8312 by failing to disclose certain sales practice violations that did not involve independent customer complaints, and by disclosing certain sales practice violations that Mr. Doe claims should not have been disclosed."  Opp. at 16:11-14, *citing* Complaint ¶¶ 37, 40.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP<br>2049 Century Park East, Suite 2700<br>Los Angeles, California 90067-3202<br>Telephone: 310.746.4400 • Facsimile: 310.746.4499

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES

This assertion is wrong.  Paragraphs 37 and 40, which are located in the "background" section of the Complaint, are to give background information.  Plaintiff does not seek relief (and would have no standing to do so) requiring FINRA to disclose sales practice violations by <u>others</u>.  *See* Complaint ¶¶ 101-132 & Prayer for Relief.

III.   <u>FINRA's Removal Was Improper</u>

There is a "strong presumption" against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Mitchell v. Mirant California, LLC*, C 07-05847 PJH, 2008 WL 501392, *2 (N.D. Cal. Feb. 21, 2008).

This "means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*; *see also Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

The federal courts have original jurisdiction of all civil actions "arising under" the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *Gunn v. Minton*, - U.S. -, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013).

A case can "arise under" federal law only if: (1) federal law creates the cause of action asserted, or (2) the case raises a substantial question of federal law.  *Gunn*, 133 S. Ct. at 1064-65.  Neither way applies here.

The courts have long held that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

2425, 125 L.R.R.M. (BNA) 2521, 96 L.Ed.2d 318 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

A defense is not part of a plaintiff's properly pleaded statement of his or her claim. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Thus, even if FINRA will assert a federal defense in response to Plaintiff's request for expungement, this does not create federal question jurisdiction.[4]

---

[4] The only exception to this rule is the doctrine of complete preemption, which does not apply here. "Complete preemption is a limited doctrine that applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013). Examples include Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), Section 301 of the Labor Management Relations Act (LMRA) and the usury provisions of the National Bank Act. *See id.* The Exchange Act, however, does not completely preempt state law. *See id.*; *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003) ("We conclude that the Exchange Act does not create exclusive jurisdiction for any and all actions that happen to target false advertising and deceptive sales practices in the sale of callable CDs."); *Matsushita Electric Indus. Co. v. Epstein*, 516 U.S. 367, 383, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996) ("Congress plainly contemplated the possibility (footnote continued)

316882v1

11

**A.** **There is No Exclusive Federal Court Jurisdiction Under the Exchange Act**

FINRA's assertion that federal jurisdiction exists is based on the faulty premise that Plaintiff's Complaint alleges a violation of, or challenge to, the FINRA rules.  For the reasons discussed in Section II, FINRA is wrong.

The Complaint does <u>not</u> seek to enforce any "liability or duty" under the Exchange Act or any rules or regulations thereunder.  *See* Complaint ¶¶ 101-132.

The Complaint does not involve the Exchange Act.  *See generally Dennis v. Hart*, 724 F.3d 1249, 1253 (9th Cir. 2013) ("Section 27 of the Exchange Act vests federal courts with exclusive jurisdiction over actions 'brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder.' 15 U.S.C. § 78aa(a).  Section 27 is inapplicable because the plaintiffs' suits do not seek to enforce any liability or duty created by the Exchange Act or the rules and regulations thereunder.").[5]

**1.** **Two Federal Courts Have Held There is Not Exclusive Jurisdiction Under the Exchange Act Over Expungement Claims Under Analogous Facts**

Two federal courts, in the last two years, have dealt with the exact

---

of dual litigation in state and federal courts relating to securities transactions.").

[5] Even if there were a federal claim as well, this would be irrelevant.  "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES

1   issue of whether it was proper for FINRA to remove a state court

2   expungement case.  In both cases, the federal courts held that removal

3   was improper.  *See Spalding v. FINRA*, 1:12-CV-1181-RWS, 2013 WL

4   1129396, *6 (N.D. Ga. Mar. 19, 2013); *Lickiss v. FINRA*, C-11-1986 EMC,

5   2011 WL 2471022, *4 (N.D. Cal. June 22, 2011).

6       The facts of these two cases are nearly identical to the facts here.

7       As set forth above, in *Spalding* the plaintiff argued that certain

8   disclosures should be expunged because they should not have been

9   disclosed on his Form U4 (a disclosure document) in the first place.

10  *Spalding* Complaint ¶ 37, attached to Supp. Req. for Jud. Notice at No. 2.

11      As such, Mr. Spalding's Complaint sought a declaration that the

12  reporting entity "should not have disclosed the [arbitrations] because it

13  did not make a good faith determination after reasonable investigation

14  that the alleged sales practice violations involved Mr. Spalding."  *Id.* at ¶

15  66.  "Mr. Spalding is entitled to a judgment declaring that the

16  [arbitrations] should not be included in his profile on the CRD and

17  BrokerCheck and requiring FINRA to expunge the same."  *Id.* at ¶ 71.

18  Mr. Spalding also asked for "temporary and permanent injunctive relief

19  barring FINRA from referencing the [arbitrations] on Mr. Spalding's CRD

20  and BrokerCheck profiles."  *Id.* at ¶ 76.  This is practically verbatim the

21  relief Plaintiff seeks here.

22      In *In re Lickiss*, the plaintiff argued that there was no public

23  interest in maintaining the disclosures because, among other reasons, (1)

24  the disclosures were old and (2) Mr. Lickiss was not responsible for the

25  failure in the performance of the securities.  Mem. in Support of Lickiss

26  Petition, at 8-9, attached to Supp. Req. for Jud. Notice at No. 3.

27      FINRA cited neither *Spalding* nor *Lickiss* in its Notice of Removal

28  (or Motion to Dismiss).  FINRA asserts (in a footnote) that it did not cite

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY FEES

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   these cases because they are distinguishable.  Opp. at 20, n.9.  In fact,

2   those cases are practically indistinguishable from this case.  FINRA

3   should have cited them.  *See Morales v. Ralphs Grocery Co.*, 1:12-CV-

4   00742-AWI, 2012 WL 6087699, *8 (E.D. Cal. Dec. 6, 2012) ("Counsel for

5   [defendant] is cautioned that further citing of cases without informing the

6   Court of contrary authority may result in the imposition of sanctions.").

7        FINRA also asserts that these cases "were wrongly decided."  Opp.

8   at 20, n.9.  Again, the fact that FINRA believes these cases were wrongly

9   decided (they were not) does not excuse FINRA's failure to cite these cases

10  in its Notice of Removal (or Motion to Dismiss).  In any event, the cases

11  were not wrongly decided.

12       In *Spalding* (relying on *Lickiss*) the court reasoned that no exclusive

13  federal jurisdiction existed because "such an action [for expungement] is

14  not an action to enforce a duty or liability created by the 1934 Act

15  because no 'duty to expunge' has been created by the 1934 Act or the

16  rules thereunder."  *Spalding*, 2013 WL 1129396 at *3.  The *Spalding*

17  court further reasoned:

18       "'There is nothing in the Act, rules, or regulations that

19       provide substantive criteria as to when expungement is

20       appropriate.'" [*Lickiss*,] 2011 WL 2471022, at *3.  'Further, . .

21       . there is nothing in the Act, rules, or regulations that require

22       a registered representative such as [plaintiff] to exhaust his

23       administrative remedies first – i.e., to seek expungement

24       relief from FINRA first before being able to seek judicial

25       review.' *Id.*  As the *Lickiss* opinion points out, Rule 2080 is a

26       procedural rule setting out how registered individuals can

27       seek expungement (by going to a court or an arbitral panel),

28       and when FINRA will waive its right to be a party in court

316882v1

14

1   proceedings.  The substantive determination of whether

2   expungement is warranted is left to the courts."

3   *Spalding* 2013 WL 1129396 at \*4.

4   This reasoning is sound.  Nonetheless, FINRA argues that "[a] claim

5   for expungement that is not made in a petition to confirm an arbitration

6   award triggers exclusive jurisdiction under Section 27 of the Exchange Act

7   because it seeks to 'enforce [a] liability or duty created by [the Exchange

8   Act].'"  Opp. at 20, n.9.  Both the *Lickiss* and *Spalding* courts explicitly

9   rejected this argument.  And FINRA still fails to point to any "duty to

10  expunge" created by the 1934 Act or the rules thereunder.

11  Indeed, the FINRA rules <u>allow</u> an expungement claim in any court

12  of "competent jurisdiction," which includes state courts.  *See* FINRA Rule

13  2080(a), a copy of which is attached to the exhibits to Request for Judicial

14  Notice in support of Motion to Remand (Dkt. No. 13-3) as Exhibit No. 1;

15  *see also* the extensive cases cited in Plf's Mem. in Support of the Motion to

16  Remand (Dkt. No. 13-1) at Section II.C.3.  If FINRA (and the SEC)

17  intended for this rule to vest exclusive federal jurisdiction over

18  expungement requests, the rule should say so.

19       2.   <u>The Cases Cited By Plaintiff and FINRA Demonstrate</u>
           <u>There is No Exclusive Federal Jurisdiction Over the</u>
20           <u>Exchange Act</u>

21  Plaintiff cited several United States Supreme Court and Ninth

22  Circuit cases in the moving papers which decisively demonstrate that

23  federal courts do not have exclusive jurisdiction under the Exchange Act

24  for all claims relating to securities.  *See* Plf's Mem. in Support of Mot. to

25  Remand (Dkt. No. 13-1) at 20:14-21:10.  FINRA states that these cases "do

26  not hold that federal courts lack exclusive jurisdiction over alleged

27  violations of the Exchange Act and SEC-approved SRO rules, *by the SRO*

28  *itself*."  Opp. at 19, n.9.  Even if true, it is of no consequence here because

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

15

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  Plaintiff does not allege any violation of the Exchange Act or FINRA rules

2  by FINRA in the Complaint.

3        Moreover, the cases cited by FINRA are inapplicable.

4        In fact, five out of the nine cases FINRA cites were also cited in its

5  brief opposing remand in *Spalding*. See Supp. Req. for Jud. Notice at No.

6  4 (*citing Sparta*, *Hawkins*, *Whitehall*, *Lowe*, and *Hibbard, infra*).  The

7  *Spalding* Court observed:  "none of those cases deal with Rule 2080 or the

8  alleged duty implicated here.  Defendant certainly has not pointed to any

9  authority contradicting the reasoning or conclusion in *Lickiss*."  *Spalding*,

10  2013 WL 1129396 at *4, n.5.

11        In addition, the plaintiffs in the cases cited by FINRA, unlike

12  Plaintiff here, sought to impose liability against FINRA (or its

13  predecessor, the NASD) for its regulatory acts.  *See Dobbins v. NASD*,

14  2007 WL 2407081 at *2 (N.D. Ohio Aug. 22, 2007) (seeking, among other

15  things, monetary damages and "a court order exempting plaintiff from

16  SEC-approved securities industry registration reporting requirements

17  and NASD Rules 2130 and 3070"); *Sacks v. Dietrich*, 663 F.3d 1065, 1068

18  (9th Cir. 2011) (complaint stated claims for intentional and negligent

19  interference with contract and intentional and negligent interference with

20  prospective economic advantage against NASD alleging the NASD

21  arbitrators exceeded the scope of their authority disqualifying plaintiff

22  from representing a party to a NASD arbitration); *Sparta Surgical Corp.*

23  *v. NASD,* 159 F.3d 1209, 1215 (9th Cir. 1998) (complaint alleged a variety

24  of state common-law claims, including breach of contract, based on NASD

25  de-listing and suspending trading in a stock on the opening day of a public

26  offering); *Hawkins v. NASD*, 149 F.3d 330, 331 (5th Cir. 1998) (complaint

27  "named the NASD as a defendant, alleging that the NASD was biased

28  against him, failed to properly administer the arbitration proceeding, and

316882v1

16

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   conspired with Prudential to harm him and deprive him of a fair

2   arbitration."); *Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

3   2013 WL 1164838, *3 (D.N.J. Mar. 18, 2013) ("Plaintiffs do not dispute

4   that the alleged unlawful conduct is predicated on a violation of

5   Regulation SHO, 17 C.F.R. § 242.204, promulgated by the Securities and

6   Exchange Commission."); *Whitehall Wellington Investments, Inc. v.*

7   *NASD*, 2000 WL 1846129, *2 (S.D. Fla. Dec. 7, 2000) (seeking a

8   declaratory judgment that a certain NASD rule violates the Florida

9   Security of Communications Act, and injunctive relief from complying

10  with that rule); *Lowe v. NASD Regulation, Inc.*, 1999 WL 1680653, *1

11  (D.D.C. Dec. 14, 1999) (complaint sought monetary damages and

12  declaratory relief that Rules 10332(g) and 10205(g) of the NASD Rules of

13  Arbitration do not authorize fees to be assessed for hearings scheduled but

14  resolved within eight days prior to the scheduled hearing; and alleging,

15  inter alia, breach of contract and unjust enrichment); *Hibbard Brown &*

16  *Co., Inc. v. NASD*, 1994 WL 827778, at *1 (D. Del. Oct. 6, 1994) (alleged a

17  notice issued by NASD was not issued in compliance with the NASD By–

18  Laws and "improperly and impermissibly interfere[d] with the right of

19  Hibbard to conduct its affairs in accordance with [the NASD] Rules of Fair

20  Practice," and it operated "in derogation of Hibbard's contractual rights as

21  a member of the NASD to be governed by Rules of Fair Practice adopted

22  in compliance with the [NASD] By–Laws.").

23      In particular, FINRA's comparison of this case to the *Dobbins* case

24  in its Opposition (*see* Opp. at 17:14-18:13) is inapt.  Although the *Dobbins*

25  opinion does not go into detail,[6] the complaint in that case demonstrates

---

27  [6] Even with the scant detail provided, it is still clear that *Dobbins* is
28  (footnote continued)

that *Dobbins* is inapplicable here.  *See*, *e.g.*, *Dobbins* Complaint ¶ 52 (requesting seven declarations "as it concerns NASD Rules 3070 and 2103"), ¶ 65 (requesting a declaration that "[t]he mandatory arbitration adhesion contract found within the U-4 is both procedurally and substantively unconscionable"); ¶ 75(1) (requesting a declaration that "the Ohio Constitution is superior law to NASD Rule 10201 and any conflicts . . . are to be resolved in favor of the Ohio Constitution"), attached to Supp. Req. for Jud. Notice at No. 5.

FINRA's citation to *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003) does not help its cause.  In that case, the Ninth Circuit concluded that the "the Exchange Act does not create exclusive jurisdiction for any and all actions that happen to target false advertising and deceptive sales practices in the sale of callable CDs." *Id.*  The Ninth Circuit reasoned that "because Lippitt challenges conduct solely under state law—irrespective of whether it is legal under SRO rules—his claims do not fit under Section 27 ." *Id.*  Accordingly, if anything, *Lippitt* shows there is no federal jurisdiction here.

***

Plaintiff does not argue that FINRA improperly applied its rules and does not seek to impose any liability on FINRA.  Plaintiff seeks expungement of the CRD disclosures because they are meritless and thus serve no regulatory value.  Just like the plaintiff in *Spalding*, Plaintiff also seeks a declaration that one disclosure on his CRD should not have

distinguishable.  *See Dobbins*, 2007 WL 2407081 at *2 (stating that Dobbins seeks monetary damages and "a court order exempting plaintiff from SEC-approved securities industry registration reporting requirements and NASD Rules 2130 and 3070").

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

18

been reported by Merrill Lynch in the first place.  Thus, there is no exclusive federal jurisdiction, as previously held by *Spalding* and *Lickiss*.

**B.**   There is No "Arising Under" Federal Jurisdiction Because There is No "Substantial Question" of Federal Law

Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  *Gunn*, 133 S. Ct. at 1065.

As a preliminary matter, FINRA claims it did not cite *Gunn* – the 2013 United States Supreme Court case which adopts this four factor test – in its Notice of Removal because "the test in *Gunn* is not new, and is instead an effort to 'bring some order' to what proved an 'unruly doctrine.'" Opp. at 23, n.12.  This excuse is unavailing.

Even if true, it is still misleading to cite a Fourth Circuit opinion that is almost a decade old and an even older Second Circuit case rather than a 2013 United States Supreme Court opinion (and several Ninth Circuit opinions) that are directly on point.  *See Kacludis v. GTE Sprint Communications Corp.* 806 F.Supp. 866, 869, n.5 (N.D. Cal. 1992) ("The court notes that citation of two out-of-circuit district court opinions, while failing to cite numerous Ninth Circuit and other circuit opinions to the contrary, borders upon sanctionable disregard for counsel's ethical obligation to reveal contrary authority to the tribunal"); *see also* Cal. Rules of Prof. Conduct Rule 5-200. Trial Conduct (counsel "[s]hall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law . . .").

FINRA's argument that "the test in *Gunn* is not new" is wrong. Neither of FINRA's two cases apply the four factor test adopted in *Gunn*.

FINRA's failure to cite *Gunn* was no mistake.  <u>After</u> Plaintiff cited

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   *Gunn* in the Memorandum in Support of the Motion to Remand here,

2   FINRA filed a Notice of Removal in an expungement case in Louisiana, in

3   which FINRA <u>again</u> failed to cite to *Gunn (*instead citing the same two

4   decade-old, out-of-circuit cases).  *See Chaisson v. FINRA*, CV-13-06019,

5   Notice of Removal, ¶ 18, attached to Supp. Req. for Jud. Notice at No. 1.

6       In any event, FINRA's application of the *Gunn* factors to this case is

7   flawed.  None of the four factors are met here.

8       1.  No federal question is "necessarily raised" in Plaintiff's state law

9   expungement claim in the Complaint.  FINRA erroneously asserts that it

10  meets the first factor because Plaintiff "bases his Complaint on claims

11  that FINRA has failed to fulfill its duties under the Exchange Act and the

12  FINRA rules, and on facial challenges to the validity and propriety of

13  FINRA's SEC-approved rules."  Opp. at 20:16-21:2.

14      As discussed above, this assertion is wrong.  Plaintiff's Complaint

15  seeks expungement.  There is no FINRA or SEC rule at issue.  A 2013

16  California Court of Appeal opinion holds that a financial advisor has a

17  state law expungement claim.  *See Lickiss v. FINRA*, 208 Cal. App. 4th at

18  1135.  FINRA Rule 2080(a) allows an expungement claim to be brought in

19  a court of "competent jurisdiction."

20      2.  There is no federal question that is actually disputed.  FINRA

21  erroneously asserts that "the federal issue is 'disputed' because FINRA

22  maintains that its rules and actions are proper, and that any challenge to

23  FINRA's SEC-approved rules must be heard first in the SEC's

24  administrative process, and then in the Court of Appeals."  Opp. at 21:3-5.

25      Again, there is <u>no</u> federal statute, <u>no</u> SEC rule, and <u>no</u> FINRA rule

26  that explicitly provides the <u>standard</u> for expungement.  Thus, Plaintiff is

27  not challenging any FINRA or SEC rule.

28      Plaintiff is arguing that the disclosures on his record should be

316882v1

20

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   expunged in compliance with the FINRA rule allowing for a financial

2   advisor to seek expungement in any court of "competent jurisdiction"

3   because the disclosures have no regulatory value.[7]

4        3.  The federal question is not "substantial," as the United States

5   Supreme Court has defined that word.

6        FINRA claims that resolution of this case "will require this Court to

7   determine whether challenges to the FINRA Rules must first be heard by

8   the SEC and then a court of Appeal, and whether FINRA acted in

9   compliance with the Exchange Act and the FINRA Rules."  Opp. at 21:15-

10  22:1.

11       This is wrong.  Plaintiff's Complaint does not challenge any FINRA

12  Rule.  Plaintiff's Complaint does not ask the Court to determine whether

13  FINRA acted in compliance with the Exchange Act and the FINRA Rules.

14  Resolution of this lawsuit will only require the Court to determine the

15  fact-specific question of whether the equities weigh in favor of expunging

16  the disclosures on Plaintiff's CRD.

17       FINRA also claims that the outcome of this case "will impact

18  FINRA's internal procedures as well as the bases upon which individuals

19  may bring expungement actions, and challenges to the FINRA Rules, in

20  the future – matters regulated by the SEC under federal law."  Opp. at

21  22:1-4.  FINRA is wrong.  Plaintiff does not challenge any FINRA Rule.

22  And the outcome will not impact "the bases upon which individuals may

-------------------------

24  [7] FINRA cites several cases in its Opposition that it claims support its

25  assertion that it meets the first and second *Gunn* factors.  *See* Opp. at

26  21:3-11 & n.10.  The cases are all inapposite for the reasons explained

27  *infra* and in Plf's Opposition to FINRA's Motion to Dismiss (Dkt. No. 17)

28  at 14:10-16:1, which are fully incorporated here by reference.

1  bring expungement actions" because Plaintiff requests expungement

2  based on the standards already adopted by several federal courts, and

3  FINRA itself.  Regardless, even if the outcome does impact the bases

4  upon which individuals may bring expungement actions, expungement

5  actions are not "regulated by the SEC under federal law."  *See Spalding*,

6  2013 WL 1129396 at *3 ("no 'duty to expunge' has been created by the

7  1934 Act or the rules thereunder").

8      As the *Gunn* court observed, "it is not enough that the federal issue

9  be significant to the particular parties in the immediate suit; that will

10  always be true when the state claim 'necessarily raise[s]' a disputed

11  federal issue… The substantiality inquiry …looks instead to the

12  importance of the issue to the federal system as a whole."  *Gunn*, 133 S.

13  Ct. at 1066.

14      The *Gunn* court further observed:  "[t]here is no doubt that

15  resolution of a patent issue in the context of a state legal malpractice

16  action can be vitally important to the particular parties in that case.  But

17  something more, demonstrating that the question is significant to the

18  federal system as a whole, is needed.  That is missing here."  *Id*. at 1068

19  (holding there was no federal question jurisdiction even though federal

20  patent law issues were involved in the case).

21      Other recent federal cases have held that fact-specific disputes are

22  not "substantial," as that word is used for federal subject matter

23  jurisdiction.  *See, e.g.*, *Municipality of Mayaguez v. Corporacion Para el*

24  *Desarrollo del Oeste, Inc.*, 726 F.3d 8, 17 (1st Cir. 2013) ("Having

25  determined that this case presents primarily factual disputes and would

26  have little impact on the development of federal law or the activities of a

27  federal agency, we conclude that the federal issue in this case is not

28  substantial in the relevant sense to warrant federal jurisdiction.").

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

22

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Similarly, there is no federal question jurisdiction here.  There is nothing in this one advisor's claim that certain items in FINRA's database should be expunged that is "significant to the federal system as a whole."[8]

4.  The issue is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  (a)  State courts are courts of "competent jurisdiction."  (b)  FINRA Rule 2080(a) allows expungement claims to be heard in courts of "competent jurisdiction."  (c)  A recent California Court of Appeal opinion allows state law expungement claims against FINRA to be heard in state court.  (d) "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

FINRA's assertion that Plaintiff's claims "primarily involve the issue of whether the complained of conduct [was] consistent with [FINRA's] obligations under the Exchange Act" (Opp. at 22:7-8) is wrong.  Plaintiff here brings a fact-specific dispute regarding CRD disclosures.

Accordingly, requiring state law expungement claims to be heard in federal court would disrupt the federal-state court balance.

Two federal courts have recently remanded state law expungement cases against FINRA because there was no "arising under" federal question jurisdiction.  *See Spalding v. FINRA*, 1:12-CV-1181-RWS, 2013

---

[8] FINRA's Opposition cites several cases arguing that the third factor is met.  *See* Opp. at 22, n.11.  FINRA's own parenthetical descriptions of the cases demonstrate that these cases are distinguishable because those cases involved the interpretation of a federal statute or regulation.  *See id.*

1  WL 1129396, *6 (N.D. Ga. Mar. 19, 2013); *Lickiss v. FINRA*, C-11-1986

2  EMC, 2011 WL 2471022, *4 (N.D. Cal. June 22, 2011).

3

4  IV.   <u>Plaintiff Should Be Awarded Attorneys' Fees and Costs</u>

5         Attorneys' fees may be awarded under § 1447(c) where the removing

6  party lacked an objectively reasonable basis for removal.  *Martin v.*

7  *Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005); *see*

8  *also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006) ("no

9  objectively reasonable basis for removal" where state court petition

10  "contained only one state law cause of action; it did not contain any

11  federal claim that could provide the basis for a § 1441(c) removal.").

12         Here, removal was objectively unreasonable.

13         1.  FINRA Rule 2080 provides that a financial advisor <u>must</u> bring a

14  claim for expungement in a court of "competent jurisdiction."  That Rule

15  does <u>not</u> state that such a claim must be brought in federal court.  It is

16  indisputable that state courts are courts of competent jurisdiction.

17         2.  The California Court of Appeal held in 2012 that there is a

18  California state law claim for expungement of FINRA records.  *See Lickiss*

19  *v. FINRA*, 208 Cal.App.4th 1125, 1135, 146 Cal.Rptr.3d 173, 180 (2012).

20         3.  Two federal courts have held that FINRA's removal of state court

21  expungement cases was improper.  *See Spalding v. FINRA*, 1:12-CV-1181-

22  RWS, 2013 WL 1129396, *6 (N.D. Ga. Mar. 19, 2013); *Lickiss v. FINRA*,

23  C-11-1986 EMC, 2011 WL 2471022, *4 (N.D. Cal. June 22, 2011).

24         4.  Both of FINRA's arguments for "arising under" federal court have

25  been rejected by the United States Supreme Court.

26              (a).  There is no jurisdiction under Section 27 of the Securities

27  Exchange Act.  Plaintiff is suing for state law expungement (and

28  declaratory relief); Plaintiff asserts no securities law claim.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY FEES

The United States Supreme Court has held that there is <u>not</u> exclusive federal question jurisdiction under the 1934 Exchange Act for all securities claims.  *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 383, 116 S. Ct. 873, 882, 134 L. Ed. 2d 6 (1996); *see also Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013).

(b)  There is no "substantial" question of federal law.  The Supreme Court in *Gunn v. Minton*, - U.S. -,133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) adopted a four factor test for determining whether a state law claim raises such a question and none of those factors favors FINRA.  *See* Section III.B., above.

Further, after this remand motion was filed, and the applicable cases pointed out, FINRA still filed a Notice of Removal in Louisiana federal court which <u>again</u> omitted the applicable Supreme Court cases. *See Chaisson v. FINRA*, CV-13-06019, Notice of Removal, ¶ 18, attached to Supp. Req. for Jud. Notice at No. 1.

V.   <u>CONCLUSION</u>

This case should be remanded to state court.  Plaintiff should be able to recover attorneys' fees and costs.


DATED: November 4, 2013 ELKINS KALT WEINTRAUB REUBEN
                                        GARTSIDE LLP


By: */ s /  Jeffrey K. Riffer*
        Jeffrey K. Riffer
        Attorneys for Plaintiff John Doe

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

316882v1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY FEES