1

2

3                                                                    O

4

5                                                    JS - 6

6  cc: order, docket, remand letter to Los Angeles Superior Court

7  No. BC 516756

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  JOHN DOE,                    )   Case No. CV 13-06436 DDP (ASx)
                                 )
12              Plaintiff,       )   ORDER GRANTING PLAINTIFF'S MOTION
                                 )   TO REMAND
13       v.                      )
                                 )   [docket numbers 12 and 13]
14  FINANCIAL INDUSTRY           )
    REGULATORY AUTHORITY, INC.,  )
15                               )
                Defendant.       )
16                               )
    _____ )
17

18

19       Presently before the Court are Plaintiff's Motion to Remand

20  and For Attorney's Fees and Defendant's Motion to Dismiss. For the

21  reasons stated below, Plaintiff's Motion to Remand is GRANTED.

22  Plaintiff's request for attorney's fees is DENIED. Defendant's

23  Motion to Dismiss is vacated as moot.

24  **I. Background**

25       Plaintiff John Doe ("Plaintiff") is a financial advisor and

26  broker-dealer associated with Merrill Lynch. (Complaint ¶ 4.)

27  Defendant Financial Industry Regulatory Authority ("FINRA" or

28  "Defendant"), formerly known as the National Association of

1   Securities Dealers ("NASD"), is a self-regulatory organization for

2   broker-dealers. (Id. ¶ 1.) Under the Securities Exchange Act,

3   FINRA's duties include the duty to "establish and maintain a system

4   for collecting and retaining registration information" about

5   registered broker-dealers such as Plaintiff. 15 U.S.C. §

6   78o-3(i)(1)(A). "Registration information" includes information

7   about "disciplinary actions, regulatory, judicial, and arbitration

8   proceedings." Id. § 78o-3(i)(5). FINRA fulfills this duty by

9   maintaining a database called the Central Registration Depository

10  ("CRD"), publicly available through FINRA BrokerCheck, which

11  contains disclosures relating to disciplinary actions or other

12  proceedings brought against financial advisors. (Complaint ¶¶ 2-3.)

13      Plaintiff alleges that he has seven disclosure items listed on

14  BrokerCheck as "customer disputes." (Id. ¶¶ 6-7.) One disclosure

15  item is listed as "Customer Dispute - Settled" and the other six as

16  "Customer Dispute - Closed - No Action/Withdrawn/Dismissed/Denied."

17  (Id.) Plaintiff alleges that in five of the seven cases, the

18  customers did not pursue their complaints after Merrill Lynch

19  responded to them. (Id. ¶ 30.) In one of the other cases, the

20  customer filed an arbitration against Merrill Lynch, but no payment

21  was made. (Id. ¶ 31.) The last item related to an alleged

22  administrative error. (Id. ¶ 32.) Plaintiff alleges that these

23  disclosures have caused him harm and serve no public policy

24  purpose, and requests that the Court use its equitable powers to

25  grant declaratory relief and expungement of these disclosure items.

26  (Id. ¶¶ 7-9.)

27      Plaintiff filed his complaint in the Los Angeles County

28  Superior Court on July 31, 2013. (Notice of Removal ¶ 1.) Defendant

was served with a copy of the complaint on August 2, 2013. (Id.)
Defendant timely removed the action on September 3, 2013 on the
grounds of federal question jurisdiction. (Id.)

**II. Legal Standard**

A defendant may remove a case from state court to federal
court if the case could have originally been filed in federal
court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561
F.2d 787, 789 (9th Cir. 1977). As the removing party, Defendant
bears the burden of proving federal jurisdiction. Duncan v.
Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v.
Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.
2003). The removal statute is strictly construed against removal
jurisdiction, and federal jurisdiction must be rejected if any
doubt exists as to the propriety of removal. Gaus v. Miles, Inc.,
980 F.2d 564, 566 (9th Cir. 1992) (explaining that courts resolve
doubts as to removability in favor of remand).

Federal question jurisdiction exists where a civil action
arises "under the Constitution, laws, or treaties of the United
States." 28 U.S.C. § 1331. "For a case to 'arise under' federal
law, a plaintiff's well-pleaded complaint must establish either (1)
that federal law creates the cause of action or (2) that the
plaintiff's asserted right to relief depends on the resolution of a
substantial question of federal law. Federal jurisdiction cannot
hinge upon defenses or counterclaims, whether actual or
anticipated." K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024,
1029 (9th Cir. 2011).

Generally, even if federal question jurisdiction exists, state
courts have concurrent jurisdiction over cases arising under

3

federal law. <u>Gulf Offshore Co. v. Mobil Oil Corp.</u>, 453 U.S. 473, 477-78 (1981). However, "the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." <u>Id.</u> at 478.

**III. Discussion**

Plaintiff argues that the action should be remanded to state court because this Court does not have jurisdiction over the action.

Under FINRA Rule 2080(a), "[m]embers or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement." Under Rule 2080(b), a party seeking expungement must "name FINRA as an additional party and serve FINRA with all appropriate documents unless this requirement is waived." Rule 2080 does not provide any substantive standard for determining whether expungement is appropriate or required. California has a state law cause of action for expungement. <u>See Lickiss v. FINRA</u>, 208 Cal. App. 4th 1125, 1135 (2012).

Two federal district courts have squarely addressed the issue of whether federal question jurisdiction exists where a broker-dealer is seeking expungement of disclosures on CRD under a state law cause of action; both courts concluded that no such jurisdiction exists. <u>In re Lickiss</u>, 2011 WL 2471022 (N.D. Cal. 2011); <u>Spalding v. FINRA</u>, 2013 WL 1129396 (N.D. Ga. 2013).
//

1       **A. Exclusive Jurisdiction**

2            Section 78aa of the Securities Exchange Act provides that

3       "[t]he district courts of the United States ... shall have

4       exclusive jurisdiction ... of all suits in equity and actions at

5       law brought to enforce any liability or duty created by this title

6       [15 U .S.C. §§ 78a et seq.] or the rules and regulations

7       thereunder." 15 U.S.C. § 78aa(a). This includes violations of

8       duties established by FINRA's rules. <u>Sparta Surgical Corp. v. NASD,

9       Inc.</u>, 159 F.3d 1209, 1212 (9th Cir. 1998); <u>see also</u> <u>Dobbins v.

10      NASD</u>, 2007 WL 2407081, at *1-2 (N.D. Ohio 2007). However, it is

11      clear that there is not exclusive federal question jurisdiction

12      under the Securities Exchange Act for *all* claims relating to

13      securities. <u>See</u> <u>Matsushita Elec. Indus. Co., Ltd. v. Epstein</u>, 516

14      U.S. 367, 383 (1996); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1254 (9th Cir.

15      2013). In order for there to be exclusive federal jurisdiction over

16      Plaintiff's claims, Plaintiff's lawsuit must seek to enforce a

17      "liability" or "duty" created by the Securities Exchange Act.

18           Plaintiff's complaint seeks expungement, as well as related

19      declaratory relief. There is no "duty to expunge" under FINRA

20      rules. <u>See</u> <u>Lickiss</u>, 2011 WL 2471022, at *3. FINRA has a duty to

21      "collect[] and retain[] information" pursuant to the Securities

22      Exchange Act. 15 U.S.C. § 78o-3(i)(1)(A). Plaintiff, however, does

23      not seek enforcement of this duty; he is not bringing this action

24      to compel FINRA to "collect" or "retain" information. <u>See</u> <u>Lickiss</u>,

25      2011 WL 2471022, at *3. In both <u>Lickiss</u> and this case, FINRA has

26      failed to point to any other specific "duty" under the Act that

27

28

1   Plaintiff's cause of action for expungement seeks to enforce.[1]

2   Therefore, there is no exclusive federal question jurisdiction over

3   Plaintiff's cause of action for expungement.

4      **B. Substantial Issues of Federal Law**

5      Plaintiff brings a state law claim for expungement and a

6   related declaratory relief claim.[2] Therefore, in order for this

7   Court to have jurisdiction over the action, there must be

8   substantial federal issues involved in the state law claim.

9   "Federal jurisdiction over a state law claim will lie if a federal

10  issue is: (1) necessarily raised, (2) actually disputed, (3)

11  substantial, and (4) capable of resolution in federal court without

12  disrupting the federal-state balance approved by Congress." Gunn v.

13  Minton, – U.S. –, 133 S. Ct. 1059, 1065 (2013).

14     Defendant argues that Plaintiff's claims for expungement and

15  declaratory relief "are based on FINRA's failure to follow its

16  rules and fulfill its regulatory responsibilities." (Opp. to Motion

17  to Remand, p. 18.) Defendant bases this argument primarily on

18  Plaintiff's claim for declaratory relief, which "seeks a

19  declaration that the conduct alleged is not a 'sales practice

20  _____

21  [1]FINRA argues that the Court should understand the "duty"
    requirement for exclusive jurisdiction more broadly, encompassing
22  FINRA's general duty to maintain CRD and retain or expunge the
    disclosures listed there.  (Opp. to Mtn. to Remand, pp. 14-16.)
23  However, Plaintiff's complaint does not seek to challenge FINRA's
    maintenance of the database. Therefore, the Court finds that
24  Plaintiff's complaint does not seek to enforce any "duty" of FINRA.

25  [2]To the extent that Defendant argues that there is a federal
    cause of action for expungement, Plaintiff's complaint will still
26  not be construed as asserting a federal cause of action. "When a
    claim can be supported by alternative and independent theories –
27  one of which is a state law theory and one of which is a federal
    law theory – federal question jurisdiction does not attach because
28  federal law is not a necessary element of the claim." Rains v.
    Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).

1  violation' and was reported as such in error of law." (Complaint ¶

2  104.) Defendant argues that this raises a substantial issue of

3  federal law because Plaintiff "bases his Complaint on claims that

4  FINRA has failed to fulfill its duties . . . and on facial

5  challenges to the validity and propriety of FINRA's SEC-approved

6  rules." (Opp., p. 21.)

7       Contrary to Defendant's characterization of Plaintiff's

8  claims, however, Plaintiff does not claim that FINRA failed to

9  fulfill any particular duty or that FINRA's rules are facially

10 invalid. Plaintiff does allege that FINRA refused to remove a

11 disclosure item from his CRD record and that FINRA is required to

12 do so pursuant to their own rules, but he does not seek a

13 declaration or other direct relief for FINRA's failure to remove

14 the disclosures. (Complaint ¶ 34.) For example, Plaintiff does not

15 seek a declaration that FINRA violated their duty to remove the

16 disclosures. As a result, no determination need be made by the

17 Court as to whether FINRA was required to remove the disclosures

18 under the circumstances in determining whether expungement is

19 appropriate in this case. See Spalding, 2013 WL 1129396, at *5.

20 Plaintiff's cause of action for expungement therefore does not

21 raise a substantial issue of federal law, as a determination of

22 whether expungement is appropriate in this particular case is a

23 fact-specific analysis. See Gunn, 133 S. Ct. at 1066 ("[I]t is not

24 enough that the federal issue be significant to the particular

25 parties in the immediate suit... The substantiality inquiry ...

26 looks instead to the importance of the issue to the federal system

27 as a whole.").

28 //

**IV. Conclusion**

     For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. Therefore, the Court has no jurisdiction over this action and does not reach Defendant's Motion to Dismiss.  Said motion is VACATED. (Dkt. 12.) The matter is remanded to the Los Angeles Superior Court, Central District, Case No. BC516756.


IT IS SO ORDERED.



Dated: November 19, 2013

                                    DEAN D. PREGERSON
                                    United States District Judge